**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO.: 2:26-CR-1** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **REGINALD ANDRE BECKHAM** | ) | |
| **JR., et al.** | ) | |

**UNITED STATES' MOTION TO DESIGNATE CASE AS COMPLEX AND**
**EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

Comes now the United States and moves this Court to declare this case complex, as defined by Title 18, United States Code, Section 3161 and to exclude time from computation under the Speedy Trial Act.

The Speedy Trial Act, codified at 18 U.S.C. § 3161, *et seq.*, requires a defendant's trial to begin within 70 days of his indictment or appearance before a judicial officer, whichever occurs later.  18 U.S.C. § 3161(c)(1).  The Speedy Trial Act recognizes, however, that certain cases are so unusual or complex, "due to the number of defendants [or] the nature of prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act]."  18 U.S.C. § 3161(h)(7)(B)(ii).

This is a complex case warranting the exclusion of time under the Speedy Trial Act.  Fifty-six defendants are charged for their role in a multi-district, transnational drug trafficking conspiracy that spanned from in or about January 2022, through January 2026.  (Doc. 3, Indictment).  The 49-page indictment charges 100 separate counts involving drug trafficking, firearm, and related offenses, occurring in Glynn, Camden, Wayne, Pierce, McIntosh, Liberty, Laurens, Dodge, and Ware Counties, and

others within the Southern District of Georgia; Fulton County within the Northern District of Georgia; Nassau, Duval and Orange Counties, within the Middle District of Florida; Los Angeles County, within the Central District of California; Fannin County within the Northern District of Texas. (Id.) Furthermore, the evidence shows that one of the main controlled substances in this case, MDMA, was imported from China. The investigation included, among other things, (1) reviewing local, state and federal law enforcement reports, (2) interviews of witnesses and confidential informants, (3) interviews of cooperating defendants (charged and uncharged), (4) extensive surveillance operations, (5) the use of pole cameras, (6) the use of a GPS trackers, (7) the execution of several residential search warrants as well as dozens of electronic search warrants; (8) the review of social media accounts, including Facebook Messenger, Snapchat; and Instagram (9) dozens of controlled purchases of drugs, (10) extensive body camera and dash camera footage, (11) the review of toll records, (12) the review of evidence by multiple expert witnesses, and (13) three federal court authorized wiretaps, among other evidence.

The United States discovery production will be liberal and will include not only Rule 16 materials, Brady materials, Giglio materials, but also copies of witness statements, and criminal histories. The United States has marshalled evidence from over a dozen law enforcement agencies that participated in this Organized Crime Drug Enforcement Task Force case.

On or about February 4, 2026, over 200 law enforcement members of state, local, and federal agents conducted operations throughout the Southern District of

Georgia and elsewhere to arrest 48 of the defendants.  During the arrest operations, agents gathered additional evidence, including (1) witness statements, (2) defendant statements, (3) the seizure of drugs, (4) and the seizure of weapons, among other items.  Because this evidence was just seized, the newly seized drugs must be examined by forensic toxicologists, and the weapons will be processed by law enforcement.  Therefore, the United States anticipates the disclosure of additional evidence that was recently seized.

For reasons that include the volume of discovery, complexity of the case, and the number of defendants, the customary time limits set forth in the Speedy Trial Act for cases not designated as "complex cases" are unduly restrictive here.  Accordingly, the United States requests that the Court enter an Order designating this case as a "complex case," within the meaning of 18 U.S.C. § 3161(h), and declaring that the ends of justice warrant excluding all time from computation under the Speedy Trial Act from the date of this filing until further Order of this Court.

This 4th day of February 2026.

Respectfully submitted,

MARGARET E. HEAP
UNITED STATES ATTORNEY

*/s/ Jennifer J. Kirkland*

Jennifer J. Kirkland
Assistant United States Attorney
New York Bar Number 4838611

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422
E-mail: jennifer.kirkland@usdoj.gov

# CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 4th day of February 2026.

Respectfully submitted,

MARGARET E. HEAP
UNITED STATES ATTORNEY

*/s/ Jennifer J. Kirkland*

Jennifer J. Kirkland
Assistant United States Attorney
New York Bar Number 4838611

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422
E-mail: jennifer.kirkland@usdoj.gov