**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CASE NO: 2:26-CR-1** |
| | ) | |
| | ) | |
| **REGINALD ANDRE BECKHAM JR.** | ) | |
| **et al.** | ) | |

**GOVERNMENT'S REPLY BRIEF TO DEFENDANTS' OPPOSITION TO**
**PROTECTIVE ORDER (DOC. 336 & 366)**

The government filed a motion requesting that this court issue a protective order (Doc. 60). Defendants Butler and Singleton replied in opposition to the protective order (Doc 336, 366), arguing that the government has not shown good cause for the issuance of such an order. The government has shown that good cause exists to issue the protective order in this case and further states in support of its relief the following:

The discovery to be provided by the government in this case includes sensitive information. The unrestricted dissemination of that sensitive information could adversely affect law enforcement interests and the privacy interests and safety of third parties. This Court possesses the express authority to enter protective orders to handle all matters of a private or sensitive nature. Fed. R. Crim. P. 16(d) (discovery protective orders); 49.1(e) (protective orders concerning matters of privacy and personal information). Specifically, inspection or permits courts to enter protective orders that deny, restrict, or defer discovery or inspection, or grant other appropriate

relief for good cause. Id. Indeed, "[a] trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the [surveillance] materials which they may be entitled to inspect." Alderman v. United States, 394 U.S. 165, 185 (1969).

### Discovery Contains Identifying Information for Cooperating Individuals:

The discovery material in this case includes identifying information for individuals cooperating with law enforcement, the statements made by these cooperating individuals, as well as other information that could be used to identify the cooperating individuals and their families. The proposed protective order is necessary to prevent the dissemination of these materials to associates of the defendants who are not incarcerated—as well as other associates of this criminal enterprise who may be incarcerated with cooperating individuals. The terms of the proposed protective order will allow law enforcement officials to investigate and protect, if necessary, the safety and wellbeing of individuals who are cooperating with the government's investigation and who may be witnesses at trial. Not only will the terms of the proposed protective order work to ensure witness safety, but the terms will also allow the government to engage in more fulsome discovery to the defendants at an earlier stage of the case (an obvious benefit to the defendants and their attorneys). Ensuring that the discovery materials tendered by the government are not subject to unrestricted dissemination will allow the government to produce materials to the defendants that they are not entitled to under Rule 16 at this stage of the case.

**Discovery Contains Information Related to Ongoing Investigations**:

The discovery materials in this case implicate other individuals in criminal wrongdoing perpetrated by this DTO.  The discovery materials contain information that identifies these uncharged individuals as well as the nature of their criminal activities. Protecting these matters from disclosure will ensure the privacy of these uncharged third parties, while also preserving the integrity of the government's ongoing criminal investigations.

**Defendants Have a History of Violence, Use of Illegal Firearms, or Conduct Indicative of Noncompliance:**

Many of the defendants in this case are either linked to violence, associated with gangs, have committed violent crimes, acts of intimidation, or otherwise indicated by recent behavior,  noncompliance with court orders.

Evidence suggests that the defendants identified below have a history of violence, gang affiliation, firearm possession, or other conduct consistent with intimidation.

1. Defendant Reginald Beckham is an identified high level ranking member of the G-Shine Bloods.  This information was provided to the Court under oath by TFO Scott Sapp during Beckham's detention hearing.  The Court also learned at that detention hearing, that video evidence from Beckham's iCloud account, depicts defendant Reginald Beckham and defendant Malik Williams appearing to participate in a kidnapping and an assault on an unidentified male.

2. Defendant Reginald Beckham has a demonstrated history of possessing firearms.  Beckham has a previous conviction for possessing a firearm as a felon, and the evidence in this case, some of which the Court has seen already, depicts Beckham with multiple illegal firearms. (*See* Ex. 1, 2 & 3)

3. Defendant Tyberious Singleton is named as the perpetrator in at least five unresolved sexual assault investigations with five different victims.  The

Court was provided with police reports of these allegations; in one report a victim indicated fear of retaliation (*See* Sealed Ex. 6 pg. 4); in another report a victim indicated she was threatened by one of Singleton's co-conspirators. (*See* Sealed Ex. 3 pg. 41).

4. Two defendants in this case are suspects in an open murder investigation. Due to the sensitive nature of this on-going investigation, the government, if necessary, can provide additional details to the Court on this matter *ex-parte*.

5. Defendant Calvin Grovner is currently under investigation for his role in a January 31, 2026 burglary being investigated by the Glynn County Police Department. Information from investigators in this case indicates that Grovner intimidated or attempted to intimidate witnesses who spoke to police. More information about this investigation will be provided to the Court during defendant Grovner's detention hearing scheduled to take place on February 19, 2026.

6. Defendant Calvin Grovner learned that since his arrest on February 4, 2026, someone stole money from his home. Grovner responded by telling his father, "niggas better hope I don't get no bond Friday." This call took place on or about February 10, 2026, and will be provided to the Court at the detention hearing.

7. Defendant Brian Richburg has a demonstrated and disturbing history of domestic violence as evidenced by exhibits introduced during his detention hearing. (*See* Ex. 2 & 3).

8. Defendant Malik Williams was arrested for an armed home invasion that occurred in Orange County, Florida in 2018 whereby the victim was hit in the head with a gun. The affidavit for the arrest warrant will be provided to the Court at Malik Williams' detention hearing currently scheduled for February 18, 2026. In said affidavit, the investigator discusses that Williams' DNA was found on a mask at the scene.

9. Defendant Ledell Ellis has a conviction for aggravated assault, aggravated battery and was previously arrested for murder.

10. Defendant James Anderson has a pending aggravated assault case.

4

11. Defendants Gabriel Geiger, Reginald Beckham, Termaine Butler, Calvin Grovner, Dundra Merrell, Ronnie Miller, and Damien Owens all appear to have prior convictions for illegally possessing firearms.

12. Defendant D'Anthony Owens has a conviction for Terroristic Threats and Obstructing Law Enforcement with Violence.

13. Defendant Michael Weldon has a conviction for aggravated assault and has a pending kidnapping case.

14. Defendant Amanda Troyer has a pending kidnapping case.

15. Defendants Joshua Walker, Dundra Merrell, and Damien Owens appear to have convictions for aggravated assault.

**Defendants' Recent Non-Compliance**:

The government has little confidence that any request by a defendant's counsel to keep the discovery confidential will be adhered to by these defendants. Defendants in this case have already shown a blatant disregard for this Court's orders. For example, defendant Shantequa Beckham, approximately six times, violated her bond conditions by discussing the case, potential witnesses and other case details with co-defendant Reginald Beckham and possibly other co-defendants. (*See* PS-8 filed on February 12, 2026).

Defendant Johnny Kenneth Mitchell and Davonnis Ke'mon Johnson, acting in concert, defied this Court's bond conditions on February 6, 2026, when they used a third-party to discuss specific case details, other co-defendants and potential witnesses. (*See* PS-8 filed on February 12, 2026).

Although he hasn't been granted a bond yet, on February 5, 2026, defendant Jacoby Thomas was recorded discussing the possible identity of the confidential

informant(s) involved in this case. Thomas, currently in jail, was already provided with a copy of the grand jury transcript.

**Recent History of Threats to CIs in Similar Brunswick Division Cases**:

As the government noted, this is a wide-reaching conspiracy case involving the distribution of significant quantities of fentanyl, MDMA, cocaine, methamphetamine and other controlled substances. The indictment alleges, and evidence gathered in the course of the investigation reveals members of the conspiracy have used and possessed firearms and committed acts of violence. This Court has seen some of that evidence already. It is common in large conspiracy cases and matters involving drug trafficking organizations for members to promote a climate of fear and to provide protection to the members of the conspiracy. This is not a generalized statement. This Court has recent firsthand knowledge of the consequences that result when no protective order is in place. USA v. David Alvarez et al. was a similar large scale drug trafficking investigation in the Brunswick division which involved members of violent gangs, defendants convicted of murder, defendants with violent histories, defendants with histories of illegal firearm possession, sealed federal wiretaps, the use of confidential informants, and continuing investigations into additional criminal activity. Alvarez et al. involved substantially similar circumstances and investigative techniques as those presently before the Court. Although it involved more defendants, 76, the discovery, approximately two terabytes, was significantly less. The government did not seek a protective order in that case. Instead, in the discovery letter, the government expressly requested defense counsel to redact personal

identifying information of all witnesses, victims and defendants before sharing the material. The resulting failure to do so in that case precipitated significant and grave consequences, ultimately resulting in the FBI's relocation of a burned confidential informant.  By issuing a protective order in this case, such harm is completely avoidable.  This Court has already opined on the benefits of addressing sensitive discovery with protective orders. (USA v. Alvarez et al., No. 2:22-CR-26 Report & Recommendation at 7 (S.D. Ga July 24, 2023), ECF 1401 (sealed).  In light of the government's prior decision not to seek a protective order, and the dire repercussions of that decision, the government has reassessed its position and now moves for that relief.

Therefore, there is a good cause for entry of a protective order in this case.

The government respectfully requests that all discovery provided:

(1)   Be used by counsel of record only for purposes of representing their clients in this action;

(2)   Be maintained in a safe and secure manner by each counsel of record;

(3)   Not be possessed by the defendants, except in the presence of the defendant's counsel; and

(4)   Not be disclosed in any form by either party in any format outside of this action, to include disclosure on social media.

Such discovery material may be disclosed by counsel only to the following designated persons:

(1)   Members of the defense team: "Defense team" refers to:

i.  defendant's counsel of record;

7

  ii. other attorneys at defense counsel's law firm who may be consulted regarding case strategy in the above-captioned matter,

  iii. defense investigators who are assisting defense counsel with this case, (retained experts or potential experts), and

  iv. paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case.

(2) The term "defense team" does not include the defendant, defendant's family members, or any other associates of the defendant.

(3) In addition, discovery may be provided to such other persons authorized by the Court upon motion of either party.

(4) The government requests that defense counsel be required to provide a copy of the Protective Order to members of the defense team and obtain written consent from members of the defense team of their acknowledgment to be bound by the terms and conditions of the Protective Order, prior to providing the Protected Material to members of the defense team.

The government further requests the parties comply with Federal Rule of Criminal Procedure 49.1 with respect to any document they intend to use as an exhibit at trial, or they provide in public filings. Federal Rule of Criminal Procedure 16(d)(1) states, in part, at any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. In addition, Rule 16.1 of the Local Rules for Criminal Cases for the Southern District of Georgia prohibits dissemination of discovery material beyond that necessary to the preparation of the defendants' defenses.

In conclusion, for good cause shown, the government requests that the Court enter a protective order limiting the disclosure of discovery materials in this case as described above.  The government believes these proposed restrictions constitute the least restrictive measures available to protect the various interests involved in this case, including the defendants' interest in full and efficient discovery.

Dated: February 17, 2026.                    Respectfully submitted,

MARGARET E. HEAP
UNITED STATES ATTORNEY

22 Barnard Street, Suite 300          *s/ Jennifer J. Kirkland*
Savannah, Georgia 31401              Jennifer J. Kirkland
Telephone: (912) 652-4422            Assistant United States Attorney
Facsimile: (912) 652-4991            New York Bar No. 4838611
E-mail: Jennifer.kirkland@usdoj.gov